UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA Z.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. 2:18-cv-930 TLF

ORDER AFFIRMING COMMISSIONER'S DECISION TO DENY DISABILITY BENEFITS

Plaintiff brought this matter for judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") and disability insurance ("DIB") benefits. Plaintiff—who alleges disability primarily due to complex regional pain syndrome (CRPS)—contends the decision of the Commissioner was based on legal error and not supported by sufficient evidence.

## I. ISSUES RAISED BY PLAINTIFF

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, arguing (1) the ALJ inappropriately discounted the opinion of treating physicians; and (2) sufficient evidence does not support the decision to deny benefits in light of new evidence presented to the Appeals Council. *See* Dkt. 9, pp. 6-7. She also generally asserts that "the preponderance of the evidence" establishes she has been unemployable. *Id*. at p. 7. For the reasons set forth below, the decision to deny benefits is affirmed.

ORDER AFFIRMING COMMISSIONER'S DECISION TO
DENY DISABILITY BENEFITS - 1

## II. FACTUAL AND PROCEDURAL HISTORY

On October 21, 2014, plaintiff filed an application for SSI and DIB, alleging she became disabled beginning April 21, 2014. Dkt. 8, Administrative Record (AR) 14. Her application was denied on initial administrative review and on reconsideration. *Id.* Plaintiff appeared and testified at a hearing before administrative law judge Stephanie Martz (the "ALJ") on November 29, 2016. AR 90. The ALJ found plaintiff not disabled. AR 14-27. In the written opinion, the ALJ also dismissed plaintiff's claim for DIB because she had not acquired sufficient quarters of coverage to remain insured through alleged onset date. AR 14. This finding has not been challenged on appeal. *See* Dkt. 1; Dkt. 9.

The Commissioner employs a five-step sequential disability evaluation process in determining whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any step, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* Step one considers whether the claimant is engaged in "substantial gainful activity." *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (citing C.F.R. § 416.920(a)(4)). Step two considers "the severity of the claimant's impairments. *Id.* If the claimant is found to have a severe impairment, step three considers "whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1." *Id.* "If so, the claimant is considered disabled and benefits are awarded, ending the inquiry." *Id.* If not, the claimant's residual functional capacity ("RFC") is considered at step four in determining whether the claimant can still do his or her past relevant work and, if necessary, at step five "make an adjustment to other work." *Id.*

At step one, the ALJ determined plaintiff had not engaged in substantial gainful activity since plaintiff's alleged onset date of April 21, 2014. AR 16. At step two, the ALJ found plaintiff had the following severe impairments: complex regional pain syndrome (or CRPS); history of

1 lumbar fusion and hemilaminotomy with facet degeneration and disc bulge; cervical degenerative disc disease; and osteoarthritis of the left foot. *Id.* At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 19.

Before step four, the ALJ determined plaintiff had the RFC to perform light work "except she needs to avoid concentrated exposure to extreme cold, extreme heat, vibration, and hazards (such as working around machinery or heights)." AR 20. After determining plaintiff's RFC, the ALJ found at step four she was unable to perform any of her past relevant work, but that at step five she could perform other jobs existing in significant numbers in the national economy, and therefore found plaintiff was not disabled. AR 25-27.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. Plaintiff appealed to this Court on June 25, 2018. *See* Dkt. 1. The Parties have consented to proceed before a magistrate judge. Dkt. 4.

### III. DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017). The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn,* 495 F.3d at 630.

**A. The ALJ appropriately discounted the opinions of plaintiff's treating physicians.**

Plaintiff contends "the opinion of the treating physicians, especially Dr. Chen, have not been appropriately appraised and considered." Dkt. 9, p. 7.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

Plaintiff refers to a pair of documents issued by the Rehabilitation Institute of Washington ("RIW") in relation to a work injury rehabilitation program. As part of plaintiff's program at the RIW, Barb Mierzwa, OTR/L and a physician the ALJ identified as Alan Chen, M.D. co-signed an "Estimate of Physical Capacities" form. *See* AR 675-677; *see also* AR 25. This assessment shows plaintiff's diagnosis of resolved left forearm contusion and reflex sympathetic dystrophy of the left upper limb. The form's estimate indicates plaintiff would be able to occasionally carry, push/pull, and lift 10-15 pounds. *Id*. The assessment also gives estimates of plaintiff's limitations regarding repetitive motion, fine manipulation, and forceful

grasping of the left hand. *Id*. In addition, a panel of health care professionals including Ms. Mierzwa and Lee Robertson, D.O., estimates plaintiff's exertional capacity, as of March 2015, would be sedentary to sedentary-light. AR 676.

The ALJ discounted this assessment of sedentary limitation because (1) the forms were incomplete, (2) the estimates were based on incomplete information, (3) Dr. Chen's opinion on the form was inconsistent with another recommendation he made to release plaintiff to light work, (4) the sedentary limitation is inconsistent with plaintiff's activities, and (5) the opined limitations are inconsistent with video surveillance evidence obtained shortly after plaintiff completed the RIW program. AR 25.

First, the ALJ discounted the sedentary limitation because the Estimate of Physical Capacities form was incomplete, as healthcare providers "did not assess the claimant's ability to stand, walk, or sit." AR 25. This reason is not supported by substantial evidence. Although some boxes in the form have been left unchecked, the form indicates that plaintiff can sit, stand, and walk for 6-8 hours in an 8-hour day. *See* AR 675.

Second, the ALJ discounted the sedentary limitation due to insufficient information. The doctors acknowledged that plaintiff "did not put forth full effort during rehabilitation." AR 25. The Estimate of Physical Capacities form was based on information gathered over 23 days of a formal work injury rehabilitation program. *See* AR 675. However, the report notes plaintiff did not put forth full effort during rehabilitation. *Id*. A lack of full effort can impede the accuracy of a physician's observations regarding a patient's limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff's lack of full effort is a legitimate reason to discount the RIW forms. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (finding a patient's inadequate

effort during testing supported discounting a physician's opinion regarding the patient's limitations).

Third, the ALJ discounted the sedentary limitation because on April 29, 2015, Dr. Chen released plaintiff to return to light duty work. AR 25. This reason is supported by substantial evidence: Dr. Chen noted in his April 29, 2015 report that plaintiff "has completed the vocational rehabilitation process and found able to work as a cashier." AR 688.

Fourth, the ALJ found the sedentary limitation inconsistent with evidence plaintiff went on a long hike in Hawaii and used walking sticks with both upper extremities. AR 25; *see also* AR 23 (citing AR 700). This reason is supported by substantial evidence. As the ALJ explained, hiking is not a sedentary activity, and plaintiff's upper extremity use was not consistent with the manipulative limitations opined in the RIW forms. *See* AR 25, 675-76.

Lastly, the ALJ found the limitations in the RIW forms inconsistent with video surveillance evidence. AR 25. Investigators performed three days of surveillance—on May 27, May 28, and June 11—in relation to a work injury claim plaintiff had filed with Labor and Industries ("L&I"). AR 726-34. The ALJ noted that on June 11, the third day of surveillance, plaintiff was videotaped driving out to lunch at a casino where she used her left upper extremity without difficulty to eat with utensils, play on slot machines, and smoke a cigarette. AR 22.

Four physicians who reviewed the video issued conclusions suggesting plaintiff has no significant upper extremity limitations. For example, in July 2015, reviewing physician Bradley Billington, M.D., who had previously assessed a 10 percent whole-body impairment based on an upper left extremity limitation, opined the video "very definitely shows [plaintiff] using her non-dominant left upper extremity in a totally normal fashion. This is not consistent with impairment of any level." AR 703. Dr. Billington therefore concluded the appropriate impairment was 0

percent for the left upper extremity. *Id.* In September 2015, neurologist William Stump, M.D., orthopedic surgeon James Champoux, M.D., and ophthalmologist Richard Bensinger, M.D., reviewed the surveillance videos. *See* AR 40-41. They noted several inconsistencies between their examination of plaintiff and her conduct in the video. *See id.* They concluded that the "[o]bserved inconsistencies between the examination and the video surveillance suggesting malingering and fraudulent behavior." AR 41.

Plaintiff argues the surveillance video is of limited value because the subject of the video on the first day of surveillance (May 27) was later determined to be someone else. Dkt. 9, p. 6 (citing Dkt. 9-1). Even if recordings from the first day of surveillance on May 27, 2015, do not concern plaintiff, substantial evidence supports the ALJ's reasoning because the ALJ relied on plaintiff's conduct on day three of the surveillance—June 11, 2015. Plaintiff concedes that evidence from day three of the surveillance shows her using her upper left extremity. Dkt. 9, p. 4. Furthermore, while doctors Stump, Champoux, and Bensinger viewed all three days of surveillance, including the contested May 27 video, most of their analysis concerns plaintiff's conduct on day three—June 11, 2015—when she was seen driving, using utensils at a casino, smoking a cigarette, and playing on a slot machine. AR 41.

Because the limitations assessed in the RIW forms have been contradicted, *see, e.g.*, AR 703, 40-41, the ALJ's reasons for discounting the RIW forms need only be "specific and legitimate and supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citations omitted). The ALJ's second, fourth, and fifth reasons meet this standard—namely plaintiff's lack of full effort in the work injury rehabilitation program and the inconsistencies between the assessed limitations and plaintiff's functioning evident from her activities in Hawaii

in February 2015 and the footage of her conduct on June 11, 2015. Therefore, the ALJ did not err in discounting the limitations in the RIW forms.

**B. Substantial evidence supports the decision to deny benefits despite new evidence submitted to the Appeals Council.**

After the ALJ issued the adverse decision, plaintiff submitted to the Appeals Council testimony from a November 22, 2016, deposition of Dr. Chen taken in connection with plaintiff's appeal of her L&I work injury claim. *See* AR 2, 37-39. Plaintiff contends the ALJ's decision is not supported by sufficient evidence in light of Dr. Chen's deposition testimony. *See* Dkt. 9, p. 6.

The Court may review new evidence presented first to the Appeals Council when determining whether, "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citation omitted).

In the deposition, Dr. Chen was asked whether it was his opinion plaintiff would be able to work with her left-arm condition from July 17, 2015, through January 15, 2016—the timeframe for plaintiff's L&I claim. AR 39; *see also* Dkt. 9, p. 6; Dkt. 10, p. 8. Dr. Chen stated "[a]t that time I do not think she was employable." AR 39.

Although Dr. Chen's testimony aligns with plaintiff's allegations of disability, it is not sufficient to overcome the substantial evidence supporting the ALJ's decision for three reasons. First, Dr. Chen's testimony is a conclusion about plaintiff's employability. As a physician, Dr. Chen is qualified to comment on plaintiff's functional limitations. But "[t]he law reserves the disability determination to the Commissioner." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). This is because the ultimate issue of disability is an administrative finding that is

dispositive of a case. 20 C.F.R. § 404.1527(d). "A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one." *McLeod*, 640 F.3d at 885. Hence, "[a] statement by a medical source that you are "disabled" or "unable to work" does not mean that [the Social Security Administration] will determine that you are disabled." 20 C.F.R. § 404.1527(d)(1).

Second, Dr. Chen's deposition testimony does not identify any functional limitations or explain how plaintiff's left arm condition makes her unemployable. *See* AR 38-39. Thus, his testimony regarding plaintiff's employability is conclusory. The conclusory nature of Dr. Chen's testimony limits its probative value.

Third, Dr. Chen's testimony indicated disability for less than six months. *See* AR 39. To be entitled to benefits, a claimant must establish a disability "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Therefore, Dr. Chen's testimony does not satisfy the durational requirement.

Plaintiff implies that Dr. Chen's testimony should be read in context of the treatment he provided to plaintiff from July 2015 up to the date of the hearing. *See* Dkt. 9, p. 3. She concedes that her condition had improved in the spring of 2015 and by June she was seeking employment, but she argues that her CRPS became more symptomatic after her release from the RIW program and extended to her left leg, toward her right side, "and to other organs and areas of the body." *See* Dkt. 9, pp. 4, 5, 7; *see also* Dkt. 13, p. 2 (citing AR 652-68, 714).

Even considered in the context of the treatment notes, Dr. Chen's testimony does not provide a basis to reverse the ALJ's decision. Many of Dr. Chen's treatment notes after June 2015 report severe subjective complaints of pain and nausea. *See, e.g.*, AR 654 (noting "severe

pain '15/10'"). The notes also discuss treatment options for CRPS, such as medication, physical therapy, a spinal cord stimulator, and a desensitization exercise program. *See, e.g.*, AR 656, 658. However, the probative value of these treatment notes is limited because the complaints are similar to plaintiff's testimony at the hearing. *Compare* AR 647-51, 654-55 *with* AR 107-109. The ALJ discounted plaintiff's symptom testimony, and this finding has not been challenged on appeal. *See* AR 20-24; Dkt. 9, pp. 1-8.

In addition, the treatment notes plaintiff cites do not contain an assessment by Dr. Chen of plaintiff's functional limitations. *See, e.g.*, AR 647-51, 654-55. Without an assessment of functional limitations, it would be speculative to fill in the reasoning behind Dr. Chen's conclusion about plaintiff's employability in his November 22, 2016, testimony. Thus, plaintiff has not met her burden to show the new evidence submitted to the Appeals Council warrants overturning the ALJ's decision. *See generally Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n.5 (1987) (it is plaintiff's duty to prove disability within meaning of Social Security Act). Therefore, considering the record as a whole, the Court finds substantial evidence supports the ALJ's decision to deny benefits.

### C. Sufficient evidence supports the ALJ's decision.

Plaintiff contends that "[t]he preponderance of the evidence establishes [plaintiff] has suffered from CRPS, that she had a brief period in May/June where she sought employment, but her CRPS symptoms returned and she has been unemployable." Dkt. 9, p. 7. However, "a bare assertion of an issue does not preserve a claim." *D.A.R.E. America v. Rolling Stone Magazine,* 270 F.3d 793, 793 (9th Cir. 2001) (internal citations omitted). Although plaintiff recites evidence, she offers no cogent reasons (apart from the argument discussed above) to explain why or how the evidence justifies reversal of the ALJ's decision. *See* Dkt. 9; Dkt. 13; *Carmickle v.*

*Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

Furthermore, a preponderance of the evidence is not sufficient to overcome the ALJ's findings on appeal. The ALJ's decision must be upheld unless the decision is based on legal error or not supported by substantial evidence. *Revels,* 874 F.3d at 654. Substantial evidence is "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

## IV.  CONCLUSION

For the above reasons, the Commissioner's decision is hereby AFFIRMED.

Dated this 16th day of April, 2019.

Theresa L. Fricke
United States Magistrate

ORDER AFFIRMING COMMISSIONER'S DECISION TO
DENY DISABILITY BENEFITS - 11